# SUPREME COURT.

LUCAS PRUYN and JOHN BILLIS, Overseers of the Poor of Kinderhook, respondents, agt. ARCHIBALD B. TYLER, appellant.

An *appeal* under the Code from a *justice's judgment*, rendered in an action for a penalty for a violation of the excise law, under the Revised Statutes (*Tit.* 9, *Ch.* 20, *Part* 1), to the county court, does not *supersede* the justice's judgment; nor does the county court proceed *de novo* with the trial, as was the case on such an appeal before the Code.

Therefore, where the statute under which the action is brought is *repealed* pending the appeal to the county court, the justice's judgment is not affected by such repeal—it remains a fixed right.

Under the law of 1854, there is no prescribed manner or form of *making proof* before the justice that the overseers had neglected, for ten days after complaint made, to prosecute for the penalty under the Revised Statutes (*Tit.* 9, *&c.*);

therefore, the *undertaking* given by the complainants to prosecute in the names of the overseers is sufficient evidence of such a fact.   At all events, if the parties go to trial before the justice without making the objection, but conceding the fact, it will be too late to raise the question on appeal.   Such evidence on that question, as will satisfy the justice, will give him jurisdiction.

And so, the objection, that the offence was not proved to have been committed in the *town* specified, cannot be raised on the appeal, where it was not taken on the trial before the justice.

*Albany General Term, March,* 1859.

*Present,* HARRIS, GOULD *and* HOGEBOOM, *Justices.*

THIS is an action brought to recover penalties for violation of the excise law (*Tit. 9, Ch. 20, Part* 1, *of the Revised Statutes*), by persons other than the overseers of the poor, in their names and title of office, upon giving the proper security, by virtue of chapter 285 of Session Laws of 1854.

The complaint claims for four violations of section 15, title 9, chapter 20, part 1st, of the Revised Statutes.   The answer denies each and every allegation of the complaint, and pleads a compromise.   The defendant appeared· upon the joining of issue, and also upon the trial.   The plaintiffs proved numerous violations of the statute and had judgment for $100 and costs.

The defendant appealed to the county court, which affirmed the judgment, and he now appeals to this court.   The important questions argued on the appeal will be found stated in the opinion.

CHARLES L. BEALE, *for appellant.*
HOES & BENTON, *for respondents.*

GOULD, Justice.   I do not understand that there is anywhere prescribed any form or manner of proof that the overseers of the poor had not, during ten days after complaint made to them, instituted proceedings to recover the penalty claimed in this action.   And, in the ,absence of any such prescribed form or manner, I presume that such evidence of the fact (whether oral or written), as is satisfactory to the justice of the peace who issues the summons, is sufficient to give juris-

Pruyn and Billis agt. Tyler.

diction; and that if a defendant sees fit to inquire into that fact, he must, in some shape, take an issue as to the jurisdiction. And that not being done in this case, this court will not look up a defence, which might have been easily and perfectly answered before the justice. Although, were there a prescribed manner of making such proof, there is no doubt that a compliance with it must affirmatively appear. The undertaking (in the absence of any rule) is sufficient evidence of such a fact. The parties conceded it on the trial.

A similar answer is to be made to the defendant's point, that the security was not given before the summons was issued. The return of the justice says that it was; and the defendant, without moving to have the return amended— whether by altering this statement, or striking it out—should be concluded thereby, as on a traverse of an alleged error in fact. Besides, it is of consequence only to the *town*, that this security be given. The provision was not made for the benefit of the defendant, or to shield an offender against the law.

I do not understand that the nature of this action—that is, its being to recover the *penalty* imposed by a statute—requires any rule more strict than would any other civil suit, on such points. And that such an action, though for a penalty, *is a civil suit* there has been no doubt, since the elaborately argued and well considered case of *Atcheson* agt. *Everitt* (*Cowper*, 382); and this court, at its last term, expressly so held in the case of the *Board of Excise of Albany Co.* agt. *Classon* (17 *How.* 193). The summons is properly indorsed for the purpose of apprising the defendant of the ground of the suit. It is of no consequence to *him*, or his *rights*, that he should know that the names of the overseers were used under a particular provision of another act.

As to the point, that the offence is not proved to have been committed in the town of Kinderhook, the case was manifestly tried on the assumption and admission that Valatie was in the town of Kinderhook. And within a short period (in a case where the *Overseers, &c., of Waterford* were plaintiffs), this court has ruled just that point against a defendant.

Neither this court nor the county court is the place to take such an objection. It belongs to the trial before the justice.

The only question upon which, at the argument, there seemed to be any chance for a doubt, is, whether the repealing of the statute has affected the judgment given by the justice in this cause. And this question involves the consideration of the effect of an appeal under the Code. No doubt, the cases cited for the defence would go far to show that, before the Code, an appeal to the county court, from a judgment rendered by a justice, would have put the suit in such a condition that a repeal of the statute, before trial in the county court, would have been an end of the suit—a complete bar. But it is to be observed that *that* appeal was a *supersedeas* of the justice's judgment, and the trial in the county court was a *trial de novo, by jury, as if originally commenced in the county court* (2 *Rev. Stats.*, 3d ed., 258 *to* 264, §§ 190, 196, 197, 206, 214, 215, 216, 217, 220, 221), and may allow *new defences* to be put in (§§ 218, 219). And the decision in *Yeaton* agt. *The United States* (5 *Cranch*, 283) is placed on exactly that ground. And such is the ruling in *Conly, &c.*, agt. *Palmer* (2 *Com.* 183).

The appeal under the Code (§ 351, &c.) is a totally different thing. It does not *supersede* the justice's judgment; nor does the county court proceed *de novo* with a *trial.* But the appellate jurisdiction is merely of *errors* in the court below; the judgment is merely of *affirmance* or *reversal;* and the whole proceedings are like those formerly had on *certiorari.* (*See* 2 *Sandf. S. C. R.* 634.)

Since, then, the *judgment* of the justice remains a valid judgment, it is manifestly a fixed right, and cannot be affected by the repealing act. (2 *Com.* 182.)

I should affirm the judgment of the county court.

HARRIS, J., concurred.